# DeBenedictis & DeBenedictis LLC

Counsellors at Law

1415 Route 70 East, Suite 103/Cherry Hill, NJ 08034
Tel: (856) 795 – 2101
E-Mail: mjd@debenedictislaw.com

June 15, 2025

**VIA ECF**
Hon. J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      **Re: Hiteks Solutions, Inc. v Citibank, N.A. Case No.: 1:25-cv-0200 (JPO)**

Dear Judge Oetken,

      We represent Plaintiff Hiteks Solutions Inc. ("Plaintiff" or "Hiteks") in the above-referenced matter. We respectfully write for two reasons related to Defendant Citibank's second motion to compel arbitration (ECF Nos. 26-32 *et seq*., the "Second Motion"): (i) to notify the Court of Citibank's current non-compliance with Your Honor's Order terms on fees and to object to the Court's consideration of the pending Second Motion based thereon; and (ii) in the alternative, should the Court consider the Second Motion, for leave to file the attached surreply to briefly address Citibank's newly-raised argument that Plaintiff is estopped from challenging the formation of an agreement to arbitrate.

      **First** - Plaintiff Hiteks and their counsel find themselves in a tough position entirely of Citibank's making – Citibank has yet to comply with the condition in this Court's Order's for filing its Second Motion, namely, that Citibank reimburse Hiteks for costs and attorney fees incurred in responding to Citibank's initial Motion. Oetken Order, May 12, 2025, ECF No. 23; the "Order".[1] Essentially, Citibank has neither paid nor responded to Plaintiff's demand for payment and availability to discuss.

      Specifically, over the last month, Plaintiff has attempted to communicate with Citibank regarding the payment of these fees, *inter alia*, in settlement, with a direct written demand letter, and via specific reference thereto in its Opposition to the Second Motion (noting the payment status and preserving the right to enter this objection). To date, however, Plaintiff has yet to receive any response or acknowledgment – either by way of an objection to the total bill presented, acknowledgment of Plaintiff's counsel's availability to discuss, or any offer of payment of any fees. Plaintiff's last request for a response gave a deadline of June 6th, a week ago, and offered to

---

[1] This Court granted Citibank leave to file a second motion only if Citibank reimburses Plaintiff for its attorney fees and costs in responding to the initial motion. ECF No. 23, referencing ECF Nos. 16-20 *et seq*., the "First Motion"; ECF No. 24, "First Motion Withdrawal Letter".

discuss. No response has been received, and the main briefing is now closed (save for the requested surreply). Via this non-responsiveness, Citibank has, to-date, effectively sidestepped this prerequisite for bringing its pending Second Motion.

Therefore, Plaintiff renews its Objection (ECF No. 22) to the Court's consideration of Citibank's Second Motion, or, in the alternative, contends that Citibank has waived its right to any subsequent objection to the total fees demand.

**Second**, independently and in the alternative, should the Court consider Citibank's Second Motion, Plaintiff respectfully requests leave to file the proposed surreply to address the newly-raised argument that Plaintiff is estopped from challenging the formation of an agreement to arbitrate (ECF No. 32, Point II at pages 5-6). A copy is attached as Exhibit A.

Left unaddressed, the allegation has the potential to mislead the Court, as Plaintiff is not challenging the existence of a contract, only, *inter alia*, that Citibank did not proffer that contract as a basis for compelling arbitration.

Surreply requests such as this "are subject to the sound discretion of the court." *Securities and Exchange Commission v. Ripple Labs, Inc.*, 20-cv-10832 (AT), 2022 WL 329211, *3 (S.D.N.Y. Feb. 3, 2022) and, like here, are most appropriate when they only address arguments raised for the first time in a reply brief. *Id.* And, pursuant to Rule 2(b) of Your Honor's Individual Rules and Practices, a party may be permitted to submit a surreply in extraordinary situations.

Plaintiff respectfully submits that addressing this newly-raised claim, coupled with the unique circumstances of Your Honor's Order governing consideration of Citibank's Second Motion, constitutes such "extraordinary situations".

For these reasons, Plaintiff respectfully requests that Your Honor note Plaintiff's objection to the consideration of Citibank's Second Motion, and/or in the alternative, grant leave to file and accept Plaintiff's attached short surreply.

Thank you again for Your Honor's Chamber's continued time and attention to this matter. As of the filing, a response has not been received regarding any objection to the request. Friday morning, I notified its counsel of my client's intent to file. That evening, Citibank's counsel advised that while he did not have an answer at that time, Citibank would follow up Monday.

                      Respectfully submitted

                      */s/ Michael DeBenedictis*
                      Michael J. DeBenedictis, Esq.