UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

Hiteks Solutions, Inc.,                                          Civil Action No: 1:25-cv-200 (JPO)

                                *Plaintiff*,

    — against —


Citibank, N.A.; John Does 1-5; and
ABC Corporations 1-5;


                                *Defendants*.
---------------------------------------------------------X



# Hiteks Solutions Inc.'s Surreply Memorandum of Law in Opposition to Citibank's Motion to Compel Arbitration and Stay This Case Pending Arbitration

# **TABLE OF AUTHORITIES**

**Cases**

*CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91 (2d Cir. 2016) ………………………..6

*Securities and Exchange Commission v. Ripple Labs, Inc.*, 20-cv-10832 (AT), 2022 WL 329211
	(S.D.N.Y. Feb. 3, 2022)…......................................................................................……..2

*Stepski v. M/V Norasia Alya*, No. 06 Civ. 1694, 2010 WL 11526765
	(S.D.N.Y. Mar. 3, 2010) ………………………………………………………...............2

*Weitzman v. Stein*, 98 F.3d 717 (2d Cir. 1996) …………………………………………………..6

**PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT**

Plaintiff Hiteks Solutions Inc. ("Plaintiff" or "Hiteks") respectfully submits this surreply memorandum of law in opposition to Defendant Citibank N.A.'s ("Defendant" or "Citibank") second motion to compel arbitration and stay this action pending completion of the arbitration (ECF Nos. 26-28 *et seq.*, the "Second Motion"). Citibank withdrew its first motion to compel arbitration (ECF Nos. 16-19 *et seq.*, the "First Motion"; ECF No. 24, "First Motion Withdrawal Letter") after Plaintiff filed a response to the First Motion (ECF No. 20), and this Court granted Citibank leave to file a second motion only if Citibank reimburses Plaintiff for its attorney fees and costs in responding to the First Motion (Oetken Order, May 12, 2025, ECF No. 23; the "Order"). There are two primary arguments in this surreply.

First, in Citibank's reply on the Second Motion, ECF No. 32, for the first time Citibank raises the argument that Plaintiff is estopped from claiming lack of mutual assent. In this surreply Plaintiff responds to this argument and details why Citibank's argument fails.

Second, Citibank has failed to comply with this Court's Order, which specified a condition for Citibank filing its Second Motion—namely, that Citibank reimburse Plaintiff for its fees in responding to the First Motion. As detailed more fully *infra*, over the last month, Plaintiff's counsel has attempted to reach an agreement on fees, either globally or just on the motion. To date, Citibank has not disputed the amount of the fees or addressed the obligation.

To date, despite requests, a demand, and a final deadline to respond of June 6, 2025 from Plaintiff, Citibank has yet to engage in discussions with Plaintiff on payment of the fees, and has not even responded to several requests.Based on the foregoing, Plaintiff respectfully requests that this Court deny Citibank's Second Motion with prejudice.

**LEGAL ARGUMENT**

**I.      A Surreply is Appropriate**

Motions for leave to file a surreply "are subject to the sound discretion of the court." *Securities and Exchange Commission v. Ripple Labs, Inc.*, 20-cv-10832 (AT), 2022 WL 329211, *3 (S.D.N.Y. Feb. 3, 2022). Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief. *See, e.g.*, *id.*; *Stepski v. M/V Norasia Alya*, No. 06 Civ. 1694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010). And, pursuant to Rule 2(b) of Your Honor's Individual Rules and Practices, a party may be permitted to submit a surreply in extraordinary situations.

Hiteks respectfully submits that a surreply is appropriate under these facts. In its reply, ECF No. 32, Citibank raises a new argument that was not previous raised. Specifically, Citibank claims that Plaintiff is estopped from bringing a claim of lack of mutual assent. Plaintiff seeks to respond to this new claim in the surreply. Second, Citibank has not complied with this Court's Order, which specified a condition for Citibank to file its Second Motion—namely, that Citibank reimburse Plaintiff for its fees in responding to the First Motion. (ECF No 23.  Taken together, Hiteks submits that these two factors serve as good cause for Plaintiff to file a surreply.

**II.     Estoppel Does Not Apply to Plaintiff's Lack of Mutual Assent Argument**

In its reply, Citibank makes—for the first time—the claim that Plaintiff is estopped from using lack of mutual assent as a defense. *See* ECF No. 32, at 5-6. Citibank's terse argument is one paragraph long and does not in any way address the substantive arguments in Plaintiff's response to the Second Motion. *See* ECF No. 29, at 11-18. Rather, it is a new argument that Citibank did not raise in its initial motion papers. *See* ECF No. 28.

Citibank's argument fails for two reason.  One,

2

Citibank appears to base its estoppel argument on the notion that Plaintiff disputes that there is a contract, but also pleads a breach of that same contract. ECF No. 32 at 5. This is factually inaccurate.[1] Plaintiff does not dispute that the parties entered into a valid written banking contract with Citibank when the account was opened in 2013. The Plaintiff also does not dispute that the 2013 document *may*, or *may not*, contain an arbitration provision. The Plaintiff's lack of mutual assent argument is based upon the fact that *Citibank still has not put that document before the Court*. Rather, Plaintiff's lack of mutual assent argument is based upon the fact that Citibank bases its Second Motion on a different, *unsigned*, later document.

As noted *supra*, a careful review of documents submitted by Citibank is telling. No signed arbitration agreement is submitted. No signed notice of an agreement to arbitrate in an agreement incorporated by reference is submitted. Rather, and unlike in each of the cases cited by Citibank in its Reply, where either the signed document submitted contained an arbitration agreement or the signed document submitted contained adequate notice of an arbitration agreement in a document incorporated by reference, the signed document submitted here contains neither. It does <u>not</u> even contain the word arbitration.

Instead of sufficient notice to establish assent, the snippet cited by Citibank purports to incorporate by reference, without any discussion thereof, or notice of any change in terms, a purportedly different account agreement from the presumably-signed-but-unsubmitted 2013 agreement.

---

[1] Plaintiff entered into a banking relationship with Citibank in 2013, but Citibank does not produce any documents from 2013 or rely on the terms and conditions found in those (presumably-signed) account-opening documents. In the two motions that Citibank has filed regarding arbitration over the past few months, Citibank continually waivers on which of its contracts with Plaintiff is binding.

3

And this is another key factual flaw in Citibank's position – unlike click-wrap or scroll-wrap cases (which do contain notice of or the actual agreement to arbitrate and use an affirmative act to acknowledge acceptance on notice) – Citibank had the client physically present in its offices and signing documents. If Citibank wanted to ensure mutual assent to the proffered agreement to arbitrate, Citibank should have, and easily could have, just had him sign the arbitration agreement they seek to enforce now.

After all, Citibank concedes that "[Mr.] Petratos appeared in person at a Citibank Financial Center and face-to-face with a Citibank associate when he put his actual signature on an actual document" (ECF No 32 at p 4). However, the agreement he "put his actual signature on", that "actual document", does not contain an agreement to arbitrate, and it does not contain any notice of any such agreement.

Citibank could have had him sign the agreement to arbitrate or a notice of such an agreement. However, Citibank did neither. Citibank could easily have had Mr. Petratos simply sign that "actual document". And in failing to do so, Citibank failed to carry its obligation of establishing mutual assent to, and/or sufficient notice of, the unsigned agreement it is seeking to enforce – the mutual assent defense raised by Hiteks in its initial Opposition.

The cases Citibank cites in its Reply on the issue of estoppel are inapposite. Unlike here, in all those cases not once did the plaintiff and defendant dispute which contract was binding. Moreover, the courts in those cases compelled arbitration due to unambiguous language or notice in the signed agreements presented. For these reasons, Citibank's estoppel argument fails.

### III. The Second Motion Should Be Dismissed With Prejudice Because Citibank Failed to Comply with this Court's Predicate Condition for Filing the Second Motion

4

Citibank has not complied with Your Honor's Order. Specifically, the Order specified a condition for filing the Second Motion—that Citibank reimburse Plaintiff for its fees in responding to the First Motion. Plaintiff first demanded payment of fees pursuant to the Order within days of issuance of the Order. This first demand was via telephone with Anthony J. Bosco, outside counsel for Citibank. During the call, counsel for Plaintiff represented to counsel for Citibank that Plaintiff would be willing to reach a global settlement of this matter to cover damages to Plaintiff and Plaintiff's attorney fees, which Plaintiff was willing to discount to promote an amicable resolution of this matter and would be inclusive of all fees due under the Court's Order.  *See* Declaration of Michael J. DeBenedictis at ¶¶ 4-5, submitted simultaneously hereto. Counsel specifically stated that no amount for the fee incurred in opposing the first Motion to Compel would be demanded on top of the discounted total fee demand at that time.  *Id.*

Thereafter, after global settlement discussions stalled, on May 27, 2025, Plaintiff demanded payment the fees for its work responding to the First Motion, and provided Citibank with a detailed time log and invoice via a written letter with exhibit(s).. DeBenedictis Decl. ¶6. In the letter, Plaintiff requested payment of fees within three business days, and provided wire instructions for the payment. DeBenedictis Decl. ¶7.  To date, Citibank has not responded to the letter, disputed the fee amount, or paid the fees. DeBenedictis Decl. ¶8.

On May 30, 2025, in its response to Citibank's Second Motion, Hiteks specifically noted that Citibank has yet to comply with the Order terms on fees. *See* ECF No. 29, at page 1, note 1.: "At this time Plaintiff does not have reason to believe that Citibank will refuse to comply with this Court's Order, but should Citibank do so, Plaintiff respectfully requests that this Court deny Citibank's Second Motion with prejudice for failing to comply with the Order." *Id*. In its reply

5

memorandum, Citibank did not acknowledge or address Plaintiff's aforementioned point, nor did Citibank mention or address this Court's Order regarding payment of fees. *See* ECF No. 32.

Finally on June 3, 2025, counsel for Citibank emailed requesting consent to an extension for Citibank to file its reply for the Second Motion. Plaintiff consented to the request, and in the same email, again asked for a response on fees, offered to discuss, and set a June 6, 2025 deadline for a response. DeBenedictis Decl. ¶¶12-15. Citibank thanked counsel for consenting to the extension, but did not respond to or acknowledge counsel for Plaintiff's question on the payment of fees. To date, Plaintiff has had no response, nor has Citibank disputed the fee amount presented in the May letter.. DeBenedictis Decl. ¶¶14-15.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Citibank's Second Motion with prejudice,

Dated: June 15, 2025

        SALZANO ETTINGER & LAMPERT LLP

        Frank Salzano, Esq.
        Jason Lampert, Esq.
        Efthimios Parasidis, Esq.
        104 West 40th Street, 14th Floor
        New York, New York  10018
        Tel: (212) 375-6746
            and

        DEBENEDICTIS & DEBENEDICTIS LLC

By:   /s/ Michael DeBenedictis
       Michael J. DeBenedictis, Esq.
       1415 Route 70 East. Suite 103
       Cherry Hill, New Jersey  08034
       Tel: (856) 795-2101

       *Attorneys for Plaintiff*